UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| HECTOR MOJICA, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| v. | ) 02: 07-CR-95-GZS |
| | ) 02: 10-CV-228-GZS |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

After pleading guilty to a federal drug offense, Hector Mojica now presses a 28 U.S.C. § 2255 motion seeking federal habeas relief from his sentence. Mojica maintains "that his lawyer and the government 'misled' him with the promises that the government would recommend a sentence of eighty-seven (87) months" and that he was somehow assured that the court would adopt that recommendation.[1] Mojica received a sentence of 105 months and he did take an unsuccessful direct appeal. Mojica wants this court to review whether there was a breach of performance vis-à-vis the plea agreement citing a promise for a 5K1.1/Federal Rule of Criminal Procedure 35(b) downward departure. He also insists that the criminal history category used by the court overstated his criminality. The United States has filed a response seeking summary dismissal and, as of the date of this recommendation Mojica, has not responded to this pleading.

*Discussion*

Prior to discussing the merits of Mojica's motion I do note that on December 13, 2010, he filed a motion to amend his initial 28 U.S.C. § 2255 pleading. (Doc. No. 518.) In that motion he stated that he wanted to amend his § 2255 motion: "The current motion does not conform to the rules

---

[1]     (Sec. 2255 Mem. at 1, Doc. No. 498, Page ID No. 1693.)

as governed by 28 U.S.C. § 2255, and the petitioner does not wish to inadvertently waive potential legal arguments." (Id. at 1.) On the same date Mojica also filed a motion for an extension of time to file a revised and amended motion. (Doc. No. 517.) On December 19, 2010, I entered an order denying these motions, explaining, "the Government has now filed its answer and petitioner may file his reply, but his tardy attempt to amend his petition, without providing the court with any idea of the substance of his amendment, will not be allowed." (Doc. No. 525.) Mojica has not filed anything with the court since the date of that order.

### *The Eighty-Seven Month Sentence Expectation*

Although Mojica's June 14, 2010, motion is not crystal clear, he does appear to intend to bring a prosecutorial misconduct and ineffective assistance claim vis-à-vis his expectations of receiving an 87-month sentence. With regards to Mojica's Sixth Amendment ineffective assistance theory, Strickland v. Washington, 466 U.S. 668 (1984), and Hill v. Lockhart, 474 U.S. 52, 59 (1985) govern the resolution of Mojica's Sixth Amendment claim. "In order to prevail, a defendant must show both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. De La Cruz, 514 F.3d 121, 140 (1st Cir. 2008) (citing Strickland, 466 U.S. at 688, 694). "In other words, a defendant must demonstrate both seriously-deficient performance on the part of his counsel and prejudice resulting there from." Id. In the context of guilty pleas, in order to satisfy the prejudice requirement, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the defendant would not have plead guilty and would have insisted on going to trial instead. Hill, 474 at 59. And, as to the conduct of the prosecutor, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." See Santobello v. New York, 404 U.S. 257, 262 (1971).

In his plea agreement Mojica waived his right to appeal if his sentence did not exceed 87 months. (See Mojica Plea Agreement at 4, Doc. No. 123, Page ID No. 205.) The agreement also contained a requirement of cooperation. (Id.) In his 28 U.S.C. § 2255 pleading Mojica insists that "there are numerous objections filed by the defendant's 'original' attorney who negotiated the plea agreement; support the defendant's assertion that he was misled by the prosecutor. Evidently, it is clear that the record proves that a sentence of (87) months was discussed among the defendant, and his counsel with the prosecutor." (Sec. 2255 Mem. at 2.) Mojica then proceeds to argue that his post-sentencing conduct and his wise use of his time apropos educational and other programming goals warrants the court's consideration in deciding whether his sentence should be reduced to 87 months. (Id. at 2-3.)

Mojica has also attached a very impressive array of completion certificates for self-betterment and career advancement programs at FCI Allenwood where he is incarcerated under this court's 105-month judgment. (See Doc. No. 498-2 at 1, Doc. No. 498-3 at 1-15.) These accomplishments should be lauded and, I am sure, verify Mojica's proclaimed insistence at sentencing that his intent was to completely turn his life around. But in the context of a 28 U.S.C. § 2255 proceeding referred to me for a recommended decision, I cannot see my way clear to making any federal habeas relief recommendation apropos his sentence based on his hard-won post-sentencing demonstration of rehabilitation. The law simply does not provide for those sorts of considerations in the context of this recommended decision.

With regards to the concern about what was represented to Mojica as to his ultimate sentence, in an Anders v. California, 386 U.S. 738 (1967) brief to the First Circuit Court of Appeals, appellate counsel summarized, "while the record indicates that a sentence of 87 months was discussed among the defendant, his counsel and the prosecutor, it is silent as to any promises

3

made beyond the plea agreement." (Appellate Brief, Doc. No. 524, Page Id. No. 1940.) The First Circuit's treatment of Mojica's direct appeal was brevis:

> Defense counsel has moved to withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967), and has filed a supporting brief arguing that there are no non-frivolous grounds for appeal. Defendant filed a pro se notice of appeal identifying potential issues for appeal but has not filed a supplemental pro se brief and the deadline for doing so has passed. After careful consideration of counsel's brief, the issues identified by defendant, and our own review of the record, we conclude that there no non-frivolous grounds for appeal in this case. Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is summarily affirmed. See 1st Cir. Loc. R. 27.0(c).

(1st Cir. J. at 1, Doc. No. 481.)

Naturally, the United States argues that this disposition by the First Circuit Court of Appeals is the 'law of the case" as to the challenge to Mojica's sentence he raised in that appellate brief. (Mot. Summ. Dismissal at 20-22.) The United States argues:

> There can be no question from a comparison of appellate counsel's <u>Anders</u> brief against the instant §2255 petition that Mojica seeks to litigate on collateral challenge the same frivolous issues that his appellate counsel identified in the direct appeal. The appellate court agreed with Mojica's counsel that each of those issues was frivolous. Thus, the "law of the case" doctrine precludes consideration of these same issues again. See <u>id.</u> See also <u>Singleton v. United States</u>, 26 F.3d 233, 240 (1st Cir. 1994)(issues resolved against petitioner on direct appeal cannot be litigated again on collateral challenge); <u>Dirring v. United States</u>, 370 F.2d 862, 864 (1st Cir. 1967) (same).
> Here, moreover, Mojica offers no exceptional circumstances to justify revisiting those same issues, nor do any exist. See [<u>United States v. </u>]<u>Bell</u>, 988 F.3d [247,] 251 [(1st Cir. 1993)]. The controlling legal authority has not changed dramatically and indeed has not changed at all. See <u>Bell</u>, 988 F.2d at 251. Mojica has not offered any new evidence that was not earlier obtainable, much less new evidence that is significant. See <u>id.</u> Finally, he has failed to identify any blatant error in the decision on his direct appeal that, if left uncorrected, would result in serious injustice. See <u>id.</u> The "law of the case" doctrine precludes relitigation of the same issues a second time. This is reason enough to dismiss the §2255 petition summarily.

(<u>Id.</u> at 21-22.).

The United States also argues other grounds for summary dismissal of this claim. For instance, it points out that the record illustrates that Mojica was apprised of his sentencing exposure at the time of his plea agreement and change of plea hearing. The plea agreement did not contain any stipulation as to what sentence either side would recommend but merely allowed for the possibility of appeal should the sentence exceed 87 months. The Court explained to Mojica, "By pleading guilty to this crime you face a period of imprisonment of not less than 10 years and not more than life and a fine not to exceed $4 million or both." (Rule 11 Tr. at 6.) The Court further inquired of the Assistant United States Attorney, Renee Bunker, Defense Counsel John Ciraldo, and Mojica concerning the terms of the plea agreement. The Court discussed with Mojica his appeal rights, as well as the implications of the agreement regarding drug amounts. The Court emphasized, and Mojica confirmed, that no promises had been made and that he understood that the Court was not bound in any way to accept the recommendations of either side regarding sentence. (Id. at 12-20.)

It may be that Mojica is confusing the express allowance of an appeal for any sentence over 87-months with some sort of assumption on the part of defense counsel and the prosecutor that this was the ballpark figure of the sentence he was going to face. However, there is absolutely no evidence that there were any express promises made to Mojica by either attorney that he would likely receive such a sentence if he pled guilty. In other words, there is no evidence of inducement. Quite the contrary the record as described above flatly refutes such an assertion. With respect to the prosecution's participation in the sentencing, it did move for a 5K.1 reduction and this court granted that request. There is no evidence of any agreement between the defense and prosecution along the lines of a Rule 35(b) motion for post-sentencing reduction.

*The Criminal History Category*[2]

With respect to Mojica's complaint that the facts of his case did not support the offense level calculation made by the court, as the United States points out this is not a claim that on its face is of constitutional proportion for purposes of 28 U.S.C. § 2255 review. See Knight v. United States, 37 F.3d 769, 773 (1st Cir. 1994); United States v. Morin-Smith, 231 F. Supp. 2d 388 (D. Me. 2002).

Even if this was not a bar to this claim -- say if Mojica had framed it as an ineffective assistance claim against sentencing counsel, Peter Rodway -- there is no factual or legal foothold for such a challenge. The revised Presentence Investigation Report (PSR) set Mojica's adjusted offense level at 31. (PSR ¶ 17.) It then attributed ten criminal history points. (Id. ¶¶ 21 -25.) In his second objection to the PSR Mojica did argue that the Court should have considered a departure on the grounds that his criminal history score over represented the seriousness of his history. (PSR at 16.) In his sentencing memorandum counsel argued that the Mojica's criminal history category overstated the seriousness of the crimes so scored. (Def.'s Sentencing Mem. at 4, Doc. No. 230.) He explained that seven points represented substantive offenses and three points were added on account of the fact that Mojica was on probation at the time of the current offense and had been released from the Maine Correctional Center less than two years earlier. (Id.) "[O]f the 10 points assigned in the PSR," counsel argued, "four of those result from fairly minor offenses committed at a young age and resulting in suspended sentences or small fines. Three more points resulted from the timing of the instant offense …rather than the seriousness of the offenses themselves." (Id.)

During the sentencing hearing the following interchange took place concerning this issue:

---

[2]  The United States addresses a possible challenge to the way drug quantity played a role in Mojica's sentence. Mojica does not mention drug quantity in his 28 U.S.C. § 2255 motion.

THE COURT: …. Mr. Rodway, your client's received a copy of the presentence investigation report. You indicate that you feel that the criminal history is over -- overrepresents the true extent of his criminal history, and I'm certainly willing to listen to you. You may proceed.

MR. RODWAY: Judge, my client was assessed a total of 10 criminal history points. Four of the criminal history points -- and by the way, this is the subject of a motion filed by Mr. Ciraldo, very able counsel, and he made a very good argument in my opinion. Four of the criminal history points are for minor offenses, some getting just fines. Three of the criminal history points are based upon the timing of this event, the fact that Mr. Mojica was on probation at the time that this case started, and that it was less than two years since he was released from his sentence. So he picked up three criminal history points there. Ten is right on the cusp of being Criminal History Category V.

    I would suggest to the Court that the serious part of Mr. Mojica's background is the prior drug case and that the Court could very easily in this particular case eliminate one of the points and consider Mr. Mojica a Criminal History Category IV.

    Let me just tell you why I hope the Court will do that, other than the fact that it really does overrepresent his criminal past. If the Court would do that at a base offense level 32 and three levels off for acceptance of responsibility, the Court would be granting, hopefully, a downward departure based upon the Government's motion from 121 months. We have in this case unfortunately a 120-month statutory minimum. And so that really gets the guidelines and the statutory minimum at the same level, and it leaves open the possibility that the Court will give a very meaningful downward departure from the statutory minimum. The Government has filed its motion asking for a departure below the statutory minimum as well as the -- well, I shouldn't say below the statutory minimum, but their motion does address the statutory minimum.

THE COURT: So you're not arguing that the two points shouldn't be added because he was on probation, and you're not arguing that a point shouldn't be added because it was within two years of his release.

MR. RODWAY: No, I'm simply arguing that the Court should consider ten criminal history points to overrepresent the seriousness of his criminal past.

THE COURT: The Government's position on this?

MR. JOYCE: Your Honor, we would oppose the request. The guideline provision makes clear that the criminal history must substantially overrepresent this defendant's criminal past. He has five criminal convictions, including the prior felony drug trafficking offense here in the state of Maine. The instant offense did take place within two years of his release while he was on probation. Just the convictions alone would put him in Criminal History Category IV. By adding on the two-level and the one-level bump for the timing of his conviction, this defendant is a Criminal History V, which we submit is appropriate.

THE COURT: Mr. Rodway, you get the last word.

MR. RODWAY: Well, again, one of the convictions is for failure to appear. It's not even a substantive criminal -- criminal offense. It just seems that other than

> the drug case we don't really have very much of a serious criminal history. And it's certainly not a stretch to consider him a Criminal History Category IV instead of a V.
> THE COURT: All right. I don't see any substantial overrepresentation here. We have between age 18 and age 22 multiple offenses, thefts, failure to appear. This is simply failure to appear, he failed to appear because of the terms of his bail. Motion is denied.

(Sentencing Tr. at 8-11.)

The evidence is that counsel pressed this issue at the sentencing stage of the proceedings and that this Court considered the argument. In Mojica's appellate Anders brief, he argued with regards to his criminal history category that counsel should have objected to the one point that was attributed to him apropos an uncounseled plea in Maine, citing PSR ¶ 26. (See Doc. No. 524 at 44, Page ID No. 1956.) This paragraph (along with Paragraph 27) is marked "DELELTED" in the revised PSR and played no role whatsoever in this Court's sentencing calculations as far as I can discern from the record.

**Conclusion**

For the reasons stated above, I recommend that the Court deny Mojica 28 U.S.C. § 2255 relief. I further recommend that a certificate of appealability should not issue in the event Mojica files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

February 4, 2011